THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00125-H

| | |
|---|---|
| SHARRON MARIE GLOVER, *Executrix for the Estate of Geraldine Washington Glover*, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY CORP., <br><br> Defendant. | **MEMORANDUM AND RECOMMENDATION** |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-2] and for frivolity review under 28 U.S.C. § 1915. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

After careful review of Plaintiff's proposed complaint, and giving due consideration to her *pro se* status, the undersigned concludes that this case should be transferred to the Middle District of North Carolina.

Plaintiff alleged in her complaint that Defendant wrongfully cancelled an insurance policy. Plaintiff resides in Durham, North Carolina, and Defendant is alleged to be a corporation in Illinois. Plaintiff further alleged that the Defendant's agents, Wendell Pitman and Robert Harvey, are located in Durham, North Carolina. Plaintiff generally alleges various state law and constitutional claims.

A civil action where "jurisdiction is not founded solely on diversity" may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

It appears from Plaintiff's complaint that neither she, the Defendant, nor its alleged agents are located in this District and that both Plaintiff and the alleged agents are located in Durham, North Carolina, which is in the Middle District. Therefore, because Plaintiff resides in the Middle District and it appears that a substantial part of the events giving rise to the action took place in the Middle District, venue is proper in Middle District. *Id.* Furthermore, a court may dismiss or transfer a case filed in the wrong district. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Therefore, it is recommended that this case be transferred to the Middle District of North Carolina.

2

## CONCLUSION

It is **RECOMMENDED** that this case be transferred to the Middle District of North Carolina.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 27th day of March, 2012.

DAVID W. DANIEL
United States Magistrate Judge